IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

EUGENE CZYZ, et al.,

       Plaintiffs,

vs.                                                               Civ. No. 08-767 MV/RHS

HARTFORD LIFE AND ACCIDENT
INSURANCE COMPANY,

       Defendant.

## ORDER DENYING PLAINTIFF'S MOTION FOR DISCOVERY

THIS MATTER comes before the Court on Plaintiff's [sic] Motion to Allow Discovery & Record Supplementation Regarding Hartford's Conffict [sic] of Interest and the Forgery Which Kept Montoya's Natural Children from Receiving Life Insurance Benefits ("Motion for Discovery II"), filed December 28, 2010 **[Doc. 61]**. Having considered the parties' briefing, the relevant authorities and being otherwise advised in the premises, the Court concludes that Plaintiffs' Motion for Discovery II is [not well-taken] and will be [denied].

*Background*

On August 21, 2008, Plaintiffs Eugene Czyz and Lesa Montoya (individually and on behalf of the Estate of Erna Montoya) initiated this action by filing a Verified Complaint for Declaratory Judgment **[Doc. 1]** against Defendant Hartford Life and Accident Insurance Company ("Hartford").[1] Plaintiffs contend that at the time of Erna Montoya's death on August 1, 2007, she was insured under a life insurance policy ("Policy") issued by Defendant Hartford. (Motion for Discovery II at 2). Plaintiffs allege that, due to forgery, a beneficiary designation

---

[1] On March 30, 2010, Plaintiffs filed a Second Amended Complaint for Declaratory Judgment ("Complaint") **[Doc. 39]**.

form was changed to indicate that Ms. Montoya's husband, Robert Francis, was the primary beneficiary of the Policy and Ms. Montoya's children were contingent beneficiaries. As a result of the forgery, Plaintiffs claim that Hartford wrongfully paid approximately $ 100,000.00 in life insurance proceeds to Ms. Montoya's husband, Robert Francis, and denied payment of those proceeds to the children of Ms. Montoya.

Plaintiffs allege that Hartford "never investigated, ignored the factual and legal implications of forgery and never hired a handwriting expert to confirm or deny the forgery." (Motion for Discovery II at 2). Plaintiffs apparently argue that Hartford's failure to investigate whether a forgery occurred renders their denial of benefits to Ms. Montoya's children arbitrary and capricious, in violation of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1101 *et seq.*[2]

In the instant motion, Plaintiffs request "that the Court allow discovery as to Hartford's conflict of interest and supplementation of the record regarding the 'forgery' resulting in Montoya's four natural children being denied their Mother's Hartford life insurance proceeds." (Motion for Discovery II at 5). In its response, Defendant contends that Plaintiffs fail to meet their burden of showing that discovery or supplementation of the record is necessary in this case.

*Discovery Standard in ERISA Cases*

In ERISA cases, "our case law prohibits courts from considering materials outside the administrative record where the extra-record materials sought to be introduced *relate to a*

---

[2] ERISA is "an enormously complex and detailed statute[,]" Conkright v. Frommert, 130 S.Ct. 1640, 1644 (quoting Mertens v. Hewitt Associates, 508 U.S. 248, 262 (1993)), that "was enacted to promote the interests of employees and their beneficiaries in employee benefit plans[,]" Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 113 (1989). ERISA provides plan beneficiaries the right to federal court review of benefit denials and terminations under ERISA. See § 1132(a)(1)(B).

*claimant's eligibility for benefits*."  Murphy v. Deloitte & Touche Group Ins. Plan, 619 F.3d 1151, 1162 (10th Cir. 2010) (citation omitted) (emphasis added).  Nevertheless, "this general restriction does not conclusively prohibit a district court from considering extra-record materials related to an administrator's dual role conflict of interest."[3]  Murphy, 619 F.3d at 1162.  "Therefore, discovery related to the scope and impact of a dual role conflict of interest may, at times, be appropriate . . . ."  Murphy, 619 F.3d at 1162.

This Court "must apply Federal Rule of Civil Procedure [("Rule")] 26(b) to discovery requests seeking information related to a dual role conflict of interest."  Murphy, 619 F.3d at 1162.  However, the Tenth Circuit "emphasize[d] that neither a claimant nor an administrator should be allowed to use discovery to engage in unnecessarily broad discovery that slows the efficient resolution of an ERISA claim."  Murphy, 619 F.3d at 1162-63.

The Tenth Circuit explained that, in evaluating discovery requests under Rule 26(b), "district courts will often need to account for several factors that will militate against broad discovery."  Murphy, 619 F.3d at 1163.  "First, while a district court must always bear in mind that ERISA seeks a fair and informed resolution of claims, ERISA also seeks to ensure a speedy, inexpensive, and efficient resolution of those claims."  Id. (citation omitted).  Moreover, "[t]he party moving to supplement the record or engage in extra-record discovery bears the burden of showing its propriety."  Id. (citation omitted).  "Second, in determining whether a discovery request is overly costly or burdensome in light of its benefits, the district court will need to consider the necessity of discovery."  Id. (citation omitted).  These considerations "are simply some factors a district court may include in its calculus when addressing a discovery request in

---

[3]The parties apparently do not disagree that Defendant Hartford operated under a "dual role conflict of interest."

an ERISA case." Murphy, 619 F.3d at 1164.

*Discussion*

The Court has considered Plaintiffs' request for discovery and the parties' arguments and briefing in light of the standards, guidelines and factors set forth above. Having done so, the Court concludes that Plaintiffs have failed to meet their burden of showing the propriety of extra-record discovery or record supplementation in this case, and the Motion for Discovery II will be denied.

In their motion, Plaintiffs do not identify or describe the discovery they purportedly seek. Thus, the Court is unable to balance the utility of any discovery sought against the burden and expense involved. Moreover, Plaintiffs offer no explanation how discovery will shed light on the seriousness or impact of Defendant's dual role conflict of interest in this case.[4] Plaintiffs assert that "[t]he record establishes that Hartford's failure to undertake even a de minimis investigation into the forgery renders their denial arbitrary and capricious and may require record supplementation and additional discovery." (Motion for Discovery at 2). Plaintiffs' assertion, however, appears to address the merits of the ERISA claim, rather than the propriety of discovery or record supplementation. In any event, to the extent that Defendant failed to perform a thorough investigation or review, no further discovery is necessary because the Court "may allocate *significant* weight to a conflict of interest where the record reveals a lack of thoroughness." Murphy, 619 F.3d at 1163-64 (emphasis added).

Plaintiffs do not specifically identify any documents with which they believe the record should be supplemented. In the Motion for Discovery II, Plaintiffs reference only two

---

[4] Plaintiffs do not dispute that Defendant Hartford paid the full amount of the life insurance claim.

documents that are not identified as part of the administrative record.[5]  However, the Court is prohibited from considering these documents because they concern the issue of whether a forgery took place, and thus, relate to Plaintiffs' eligibility for benefits.  See Murphy, 619 F.3d at 1162 (noting that courts may not consider extra-record materials relating to a claimant's eligibility for benefits).  Moreover, as Defendant notes, any discovery regarding whether a forgery actually occurred "has no relevance to Hartford's dual role conflict of interest." (Hartford's Response in Opposition to the Estate's Motion for Discovery at 2, filed Jan. 14, 2011 **[Doc. 64]**).

The Court concludes that Plaintiffs have failed to meet their burden of showing the propriety of discovery or record supplementation in this case.  Accordingly, Plaintiffs' Motion for Discovery II will be denied.

WHEREFORE,

IT IS ORDERED that Plaintiff's [sic] Motion to Allow Discovery & Record Supplementation Regarding Hartford's Conffict [sic] of Interest and the Forgery Which Kept Montoya's Natural Children from Receiving Life Insurance Benefits **[Doc. 61]** is **denied**.

*Robeet Hayes Scott*
ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE

---

[5](See Motion for Discovery II at 4 ¶ 7 (citing Affidavit of Tom Van Falkenburgh, attached to Plaintiff's [sic] Motion to Allow Discovery & Record Supplementation Regarding Forgery Removing Montoya's Natural Children as Primary Life Insurance Beneficiaries ("Motion for Discovery I"), filed Mar. 13, 2009 **[Doc. 20]**) and Motion for Discovery II at 5 (citing Affidavit of Darlene Montoya, attached to Motion for Discovery I)).